# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CENTRIFUGAL AIR PUMPS
AUSTRALIA,**

                **Plaintiff,**

-vs-                                         **Case No.  6:10-cv-820-Orl-31DAB**

**TCS OBSOLETE, LLC, SCT
PERFORMANCE, LLC, RICK TRUDO,
CHRISTOPHER W. JOHNSON, JR., and
DAVID POSEA,**

                **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 10) filed by defendants SCT Performance, LLC ("SCT Performance") and Rick Trudo ("Trudo"), the Motion to Dismiss (Doc. 13) filed by defendants TCS Obsolete, LLC ("TCS Obsolete"), Christopher Johnson ("Johnson"), and David Posea ("Posea"), and the response (Doc. 16) to both of these motions filed by the Plaintiff, Centrifugal Air Pumps Australia ("CAPA").

## I.    Background

According to the allegations of the Complaint (Doc. 1), which are accepted as true for purposes of resolving these motions to dismiss, CAPA sells after-market automotive accessories. In 2005, CAPA entered into a distribution contract with one of the two defendant LLCs. According to the terms of the distribution contract, CAPA had the exclusive right to sell a flash tuner and associated software in several geographic areas, including the United Kingdom.  CAPA

alleges that the Defendants set up another corporation, known as "Paul's High Performance," and used that entity to sell the flash tuners in the United Kingdom, thereby violating CAPA's exclusivity rights.  CAPA also contends that some of the tuners it received from the defendants were defective, causing it to suffer damages.

## II.      Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).  The Court must also limit its consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV. P. 10(c)); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007).  Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss.  In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . .  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* at 1949 (internal citations omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Analysis**

The Plaintiff asserts five counts in the Complaint: breach of contract (Count I); tortious interference with an advantageous business relationship (Count II); common law unfair competition (Count III); violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.211 *et seq.* ("FDUTPA") (Count IV); and fraud (Count V).  The Defendants raise a host of objections.  The Court finds that the objections are all well founded.

The overriding problem is that the Plaintiff has lumped together SCT Performance, TCS Obsolete, and an unknown number of unidentified (and non-party) "SCT entities," referring to them collectively throughout the Complaint as "SCT".  (Doc. 1 at 2).  Each act allegedly performed by any of these entities is alleged to have been performed by "SCT."  As a result, Plaintiff alleges that it entered into a contract with "SCT," that "SCT" warranted that the tuners would be free of defects, that "SCT" sold flash tuners into the Plaintiff's territory, and so on.  In

addition to rendering the factual underpinnings of the Complaint practically incomprehensible, this description of events conflicts with, among other things, the contract attached to the Complaint, which shows the Plaintiff entering into the contract with a single entity, not two or more.

As justification for its bizarre and confusing lack of specificity, the Plaintiff asserts that SCT "was the most common name utilized by the entity in dealing with the general public." This does nothing to make things clearer, as it does nothing to help the reader discern which entity or entities are being discussed at any particular point in the Complaint. Presumably, the Plaintiff hopes to hold TCS Obsolete liable for the acts of SCT Performance, and vice versa, and leave itself the possibility of collecting from any related entity that may turn up during the course of these proceedings. But the practice of utilizing a common name in dealing with the general public, on its own, would not be enough to impose liability on one of the (so-called) SCT entities for the acts of another. And more importantly, even if they might be held liable for the acts of other entities, they are *not* those other entities. There is no justification for referring to them as one, single entity in laying out the factual predicate of the Complaint. The entire Complaint will be dismissed so that the Plaintiff can properly describe the actions allegedly taken by each defendant entity and, if appropriate, by non-party entities.

There are additional problems that must be remedied in the amended complaint if the Plaintiff is to survive a second motion to dismiss. The Plaintiff seeks to pierce the corporate veil and proceed against defendants Trudo, Johnson, and Posea on the grounds that the corporate entities were merely their alter egos and that they were established and used for improper purposes. However, the Plaintiff has failed to assert any facts that would support these conclusory allegations – such as an allegation, for example, that the individual defendants disregarded the

corporate fiction by commingling their assets with those of the LLC.  *See Dania Jai-Alai Palace v. Sykes*, 450 So. 2d 1114 (Fla. 1985) (describing various scenarios under which corporate veil may be pierced).  This shortcoming must be remedied if the Plaintiff seeks to proceed against the individual defendants on this theory.[1]

The Plaintiff's common law unfair competition claim (Count III) also fails.  Under Florida law, such a claim requires that the plaintiff "establish deceptive or fraudulent conduct of a competitor and likelihood of consumer confusion."  *Donald Frederick Evans and Assoc. v. Continental Homes, Inc.*, 785 F.2d 897, 914 (11th Cir. 1986).  The Plaintiff alleges that the use of "dummy" corporations caused a likelihood of customer confusion.  (Doc. 1 at 11).  But there are no facts alleged that would support such a claim.  To the contrary, the Defendants' alleged scheme involved selling legitimate flash tuners into an illegitimate geographic area.  There is no allegation that customers were confused as to what they were being sold, or who was doing the selling.

So too, for Count IV, which asserts that the same scheme violated FDUTPA.  (Doc. 1 at 12).  To state a claim for a violation of FDUTPA, a plaintiff must allege the following elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.  *Sundance Apartments I, Inc. v. General Elec. Capital Corp.,* 581 F.Supp.2d 1215, 1220 (S.D.Fla. 2008).  Among other problems, there are no factual allegations that show how any particular defendant engaged in a deceptive act or practice.  In addition, the Plaintiff fails to identify any particular act or practice as deceptive or unfair.  Instead, the Plaintiff refers broadly to 34 of the first 35 paragraphs of the Complaint and simply asserts that "the actions described herein constitute a deceptive trade

---

[1]In addition, the Plaintiff must cease its practice of reciting the same conclusory allegations, with very slight and immaterial variations, in three or four succeeding paragraphs.

practice." (Doc. 1 at 12).  That is not enough.  Obviously, having failed to identify a particular

deceptive act or practice, the Defendants also fail to explain how such an act or practice caused

them harm.  In addition, both the FDUTPA claim and Count V, the fraud claim, fail to comply

with the heightened pleading requirements of Rule 9(b).  Among other problems, the Complaint

fails to specify which defendants engaged in which allegedly fraudulent or deceptive acts.

      Finally, the Court notes that even beyond the Rule 9(b) problem, Count V fails to state a

claim for fraud.  Under Florida law, such a claim requires (1) a false statement concerning a

specific material fact; (2) the maker's knowledge that the representation is false; (3) an intention

that the representation induce another's reliance; and (4) consequent injury by the other party

acting in reliance upon the representation.  *State Farm Mutual Automobile Insurance Company v.*

*Weiss*, 410 F.Supp.2d 1146, 1159 (M.D.Fla. 2006).  In Count V, the Plaintiff simply asserts that

the Defendants misrepresented that they were selling products to one of Plaintiff's customers so as

"to defraud CAPA of monies rightfully owed to it under the Distributor's Agreement."  (Doc. 1 at

13).  The Plaintiff does not explain how this alleged misrepresentation was made, much less that

the Plaintiff was even aware of it.  And more importantly, there is no suggestion as to how the

Plaintiff was intended to rely upon this purported misrepresentation, or how the Plaintiff actually relied on it, suffering harm as a result.

In consideration of the foregoing, it is hereby

**ORDERED** that both Motions to Dismiss (Doc. 10, 13) are hereby **GRANTED**, and the Complaint is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 9, 2010.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party