UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CENTRIFUGAL AIR PUMPS AUSTRALIA,**

**Plaintiff,**

**-vs-** **Case No. 6:10-cv-820-Orl-31DAB**

**TCS OBSOLETE, LLC, SCT PERFORMANCE, LLC, RICK TRUDO, CHRISTOPHER W. JOHNSON, JR.,and DAVID POSEA,**

**Defendants.**

---

# ORDER

This matter comes before the Court without oral argument on the Motion for Attorney's Fees (Doc. 41) filed by Defendants TCS Obsolete, LLC, Christopher Johnson, and David Posea, and the response (Doc. 46) filed by the Plaintiff, Centrifugal Air Pumps Australia.

The movants seek attorney's fees as "prevailing parties" under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq*. The attorney's fee provision of FDUPTA states that "[i]n any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the non-prevailing party." Fla. Stat. § 501.2105(1).

In the instant case, no judgment has been entered, and CAPA's ability to appeal the order dismissing its FDUTPA claim has not been exhausted. Accordingly, the request for fees is

premature. *See Heindel v. Southside Chrysler-Plymouth, Inc.*, 476 So. 2d 266, 268 (Fla 1st DCA 1985) (vacating as premature award of fees to prevailing FDUTPA parties made prior to exhaustion of appeal).

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Attorney's Fees (Doc. 41) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 29, 2011.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party